UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Auston Cash,<br><br>               Plaintiff,<br><br>vs.<br><br>MCO Anderson; James Metts; James Clawson,<br><br>               Defendants. | C/A No. 6:12-3542-MGL-KFM<br><br>**Report and Recommendation** |

The plaintiff, William Auston Cash (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at Lexington County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants the Sheriff of Lexington County and two employees of the detention center.[2] Plaintiff claims his right of access to courts has been abridged by the behavior of the defendants. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* Review

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  As a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Id.*  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background and Discussion

The Plaintiff complains of a lengthy battle with Defendants to get his legal mail into the hands of the courts.  He alleges Defendants throw away any legal mail coming from his cell.  He complains that, recently, if he had not realized mail had been thrown away, he would have missed a deadline to respond to an order of this Court in another case.  ECF No. 1 at 5.  However, he does not allege that he has in fact missed any deadlines or

otherwise been prejudiced by Defendants' alleged actions.

With regard to Plaintiff's claims that the Defendants' actions intended to keep him from litigating his cases and, thus, deny him access to court, no viable § 1983 claim is stated under the allegations. In making a claim that prison officials restricted a prisoner's access to the courts, "a prisoner cannot rely on conclusory allegations. . . . Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations. A prisoner must also identify an actual injury resulting from official conduct." *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996)(holding that a prisoner did not show actual injury when he made merely conclusory statements, such as alleging officials "'conspired to circumvent plaintiff's access to the courts'"). In *Cochran*, the plaintiff complained that his legal documents were taken from him and destroyed, echoing the allegations in the instant case. And here, as in *Cochran*, Plaintiff has not identified any actual injury to his right of access to the courts in his Complaint, and so his claim must fail.

Read liberally, Plaintiff may be alleging that Defendant's actions are in retaliation for filing previous lawsuits. However, Plaintiff has not sufficiently pled a claim of retaliation, as he has not suggested that he suffered even *de minimis* delay in litigation due to the alleged conduct. *See A.C.L.U. of Md., Inc. V. Wicomico Co., Md.*, 999 F.2d 780 (4th Cir. 1993) (where plaintiffs allege that officials have retaliated against them for filing a lawsuit, thus adversely impacting their right of access to the courts, they do not state a claim where they suffer no more than a *de minimis* inconvenience). In absence of an allegation of actual injury and prejudice arising from the alleged actions, Plaintiff fails to state a retaliation claim upon which relief may be granted under 42 U.S.C. § 1983. Therefore, this

3

case is subject to summary dismissal without prejudice.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process.

***Plaintiff's attention is directed to the important warning on the next page.***

s/ Kevin F. McDonald<br>United States Magistrate Judge

March 28, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).