N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Auston Cash, | ) Civil Action No.: 6:12-3542-MGL |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| MCO Anderson; James Metts; and James Clawson, | ) |
| Defendants. | ) |

Plaintiff William Auston Cash ("Plaintiff"), a pretrial detainee at Lexington County Detention Center in Lexington, South Carolina, brought this § 1983 action pro se on December 20, 2012, alleging that Defendants, MCO Anderson, James Metts, and James Clawson, have restricted his right to access the courts. Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B) (2)(d),(e), D.S.C., the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2). On March 28, 2013, the Magistrate Judge issued a Report and Recommendation (Report) recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (ECF No. 10). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with Court. *Mathews v. Weber*, 423 U.S. 261, 270–271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is required to make a de novo determination of those portions of the Report to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's complaint and recommended that it be dismissed for failure to state a claim on which relief could be granted.

On April 15. 2013, Plaintiff filed a Motion to Alter or Amend Judgment (ECF No. 13), a Motion for Appointment of Counsel (ECF No. 14), and objections to the Magistrate Judge's Report. (ECF No. 15). In his objections, Plaintiff requested that he be given "time to refile said civil action and be given leave to amend his complaint so that he can properly plead a § 1983 claim or for the court to appoint counsel to help Plaintiff. . . ." (ECF No. 15).

Applying the requisite liberal standard to the Plaintiff's pro se objections, this Court construes Plaintiff's objections as a Motion to Amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test

his claim on the merits." *Pittson* Co. *v. United States*, 199 F.3d 694, 705 (4th Cir.1999). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."). The Court has discretion to grant or deny the motion to amend; however, "outright refusal to grant the leave without any justifying reason appearing for the denial" is an abuse of discretion and "inconsistent with the spirit of the Federal Rules." *Id.*

Out of an abundance of caution and in light of the liberal construction accorded to pro se pleadings, the Court concludes that Plaintiff's objections should be construed as a Motion to Amend the Complaint, and should be granted as such.

As to Plaintiff's request for appointment of counsel (ECF No. 14), there is no right to appointed counsel in § 1983 cases. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir.1975). As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir.1971). However, such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the pro se litigant's ability to prosecute it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir.1984), abrogated on other grounds by *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). The court does not deem that the instant action sets forth "exceptional circumstances" and as such DENIES Plaintiff's motion for appointment of counsel.

Additionally, the court finds Plaintiff's Motion to Alter or Amend Judgment (ECF No. 13) MOOT since this Court has granted Plaintiff's Motion to Amend the complaint.

Accordingly, after a thorough review of the record and the applicable law, the Court declines to follow the Report of the Magistrate Judge.[1] Plaintiff is granted twenty days from the entry of this order to amend his complaint. If Plaintiff does not file the amended complaint within this time period, this case will be dismissed without prejudice. This matter is recommitted to the Magistrate Judge for further pretrial handling.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

May 23, 2013
Spartanburg, South Carolina

---

[1] The Court notes that Plaintiff's Motion to Amend the Complaint was filed after the Magistrate Judge issued his Report.